UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNELL ALPHONSO LUCKETT,

        Plaintiff,

v.

US BANK NATIONAL ASSOCIATION,

        Defendant.
                                     /

No. 08-14285

District Judge Nancy G. Edmunds

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

This case arises out of a state court mortgage foreclosure action. On October 8, 2008, Plaintiff filed a *pro se* civil complaint challenging a judgment of possession entered in the 36th District Court for the City of Detroit. Before the Court is Defendant's Motion to Dismiss [Docket #5], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the Defendant's motion be GRANTED, and the complaint DISMISSED WITH PREJUDICE.

### I.    FACTS

(The following facts were previously set forth in a November 4, 2008 Report and Recommendation [Docket #6], which was adopted by the Court on January 5, 2009 [Docket #10]).

In June of 2006, the Plaintiff obtained a mortgage loan regarding property at 1034 Shipherd Court, Detroit, Michigan. The lender was MILA, Inc., and the mortgagee was Mortgage Electronic Registration Systems, Inc. ("MERS"). In 2007, following Plaintiff's default on the loan, foreclosure proceedings were commenced. MERS obtained a

Sheriff's Deed on Mortgage Foreclosure, which was recorded on September 4, 2007. *Defendant's Exhibit no. 2*. During the six-month redemption period, MERS conveyed the property to the present Defendant, US Bank National Association. The quitclaim deed to Defendant was recorded on October 18, 2007. *Defendant's Exhibit no. 3*. After the redemption period expired, Defendant commenced summary proceedings for possession in the 36th District Court for the City of Detroit, and obtained a judgment of possession on or about March 19, 2008. *Defendant's Exhibit no 5*. Plaintiff filed a claim of appeal in the Wayne County Circuit Court, and on June 27, 2008, the Circuit Court dismissed the claim of appeal with prejudice. *Defendant's Exhibit no. 6*.

Plaintiff filed his complaint in this Court on October 8, 2008, raising a number of claims.[1] He complains that he was not informed that Defendant would have the ability to obtain loans based on his promissory note, or that the note and/or mortgage could be sold to third parties, and that funds he obtained from the mortgage, in the form of federal reserve notes, do not constitute "lawful money" as set forth in the Constitution. As a result, Plaintiff claims (1) breach of the original mortgage and loan agreement ; (2) violations of the Uniform Commercial Code, specifically M.C.L. § 440.2609 (sales contracts) and § 440.3302 (holders in due course); (3) fraudulent concealment; (4) "fraud in the factum"; (5) a due process violation based on the Defendant's failure to produce a promissory note with an original signature.

---

[1] The Court recognizes that Plaintiff is unrepresented by counsel. Therefore, his pleadings and arguments will not be held to the standard of a practicing attorney, but will be given a liberal construction. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Hence, the claims raised in the state court pleading attached the complaint will be construed as part of the federal complaint.

## II.     STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In construing the requirements of Fed.R.Civ.P. 8(a)(2),[2] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, \_U.S.\_, 129 S.Ct. 1937,\_L.Ed.2d\_ (2009), the Court

---

[2] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

explained and expanded on what it termed the "two-pronged approach" of *Twombley*.[3] First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. At 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950(Internal citations omitted).

In addition, Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

### III. DISCUSSION
#### A. Rooker-Feldman

Plaintiff's complaint, premised on a state court foreclosure and possession action, does not set forth a plausible claim for relief. The facts show that this case was litigated in state court as a mortgage default/foreclosure action that culminated in a state court judgment of possession in favor of the Defendant. Plaintiff's appeal of that judgment was dismissed with prejudice. Therefore, this Court does not have subject matter jurisdiction, pursuant to the Rooker-Feldman doctrine.

---

[3] *Twombley* was an antitrust case. *Iqbal*, like the present case, was a prisoner civil rights case, although it was brought under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), rather than 42 U.S.C. § 1983.

In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the Supreme Court clarified, and to an extent narrowed what has been known as the Rooker-Feldman doctrine.[4] Rooker-Feldman is based on the principle that a federal district court does not have appellate jurisdiction to review a state court judgment; that power is reserved to the Supreme Court under 28 U.S.C. §1257. *Exxon Mobil* recognized, however, that a state court judgment does not necessarily preclude federal district court jurisdiction based, for example, on federal question jurisdiction under 28 U.S.C. §1331, and that there could be parallel state and federal litigation:

> "When there is parallel state and federal litigation, Rooker-Feldman is not triggered simply by the entry of judgment in state court. This Court has repeatedly held that 'the pendency of an action in the state court is a bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Exxon Mobil*, 544 U.S. at 292.

In addition, recognizing that Rooker-Feldman implicates a jurisdictional question under Rule 12(b)(1), *Exxon Mobil* differentiated a claim- or issue-preclusion issue (which is not jurisdictional) arising in parallel litigation from an issue of subject matter jurisdiction:

> "In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment, but federal jurisdiction over an action does not terminate automatically on the entry of judgment in the state court." *Id.*, 440 U.S. at 293.

Likewise, federal litigation that *follows* a state court judgment involving the same transaction is not necessarily jurisdictionally barred under Rooker-Feldman, assuming that there is an independent federal claim, although the plaintiff's claims in such a case

---

[4] The name derives from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

might be barred by res judicata or collateral estoppel:

> " If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.' *GASH Assocs. V. Village of Rosemont*, 995 F.2d 726, 728 (C.A. 7 1993)...." *Exxon Mobil*, 544 U.S. at 293.

*See also Lance v. Dennis*, 126 S.Ct. 1198, 1202 (2006) ("Rooker-Feldman is not simply preclusion by another name.").

In the present case, the Plaintiff lost a state-court foreclosure and possession action that culminated in a judgment against him. It is apparent that Plaintiff is a classic "state court loser" who now seeks, in effect, to have this Court review a state court judgment that is not to his liking, and that this case is jurisdictionally barred under Rooker-Feldman, as set forth in *Exxon Mobil*.

A number of other federal complaints arising from state foreclosure actions have been similarly dismissed under Rooker-Feldman. *See Tropf v. Fidelity National Title Insurance Company*, 289 F.3d 929 (6th Cir. 2002)[5]; *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed.Appx. 487 (6th Cir. 2005)(post-*Exxon Mobil* decision applying Rooker-Feldman where "there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court," and "[e]ach of the myriad and vague claims set forth by the plaintiffs rests on the premise that the state court entry of foreclosure was invalid."); *Givens v. Homecomings Financial*, 278 Fed.Appx. 607, *2 (6th Cir. 2008) (applying Rooker-Feldman to a complaint to enjoin enforcement of a state court judgment of possession, stating, "It is clear from his complaint that the source of [plaintiff's] injuries is the state possession order"); *Leach v.*

---

[5] Although *Tropf* was decided before *Exxon Mobil*, the facts would fit well within the Supreme Court's current Rooker-Feldman framework.

*Manning*, 105 F.Supp.2d 707, 712 (E.D. Mich. 2000) (so-called federal "land patent" claim that was rejected by state court was barred under Rooker-Feldman). In *Sinclair v. Bankers Trust Co. of Cal. N.A.,* 2005 WL 3434827 (W.D. Mich. 2005), the court held:[6]

> "Sinclair also requests damages as a result of the alleged unlawful foreclosure. In granting Bankers Trust possession of the disputed property, the Michigan district court found that the foreclosure and the sheriff's deed were valid. Because Sinclair's claim for damages is premised on the ground that the foreclosure was invalid, for this Court to grant Sinclair damages, the Court would need to conclude that the Michigan district court was wrong in upholding the foreclosure. This the Court cannot do without impermissibly acting as an appellate court in reviewing the Michigan district court's decision."

As in *Sinclair*, to sustain the Plaintiff's complaint in this case would require the Court to in effect act as an appellate tribunal and conclude that the Michigan court simply made the wrong decision in the foreclosure and possession action. Under the Rooker-Feldman doctrine, as refined in *Exxon Mobil*, the complaint is clearly subject to dismissal under Rule 12(b)(1).

### B.  Res Judicata

Any claims Plaintiff now makes in this Court could have been raised in the Michigan state court proceedings, such that even apart from the Rooker-Feldman problem, they are barred under the doctrine of res judicata. As the Supreme Court noted in *Exxon Mobil*, the "Full Faith and Credit Act...requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give.'" 125 S.Ct. At 1527, quoting *Parson Steel Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986); *Sinclair v. Bankers Trust, supra*. Michigan has adopted a broad application of the doctrine of res judicata which bars not

---

[6] *Sinclair* also held that even if Rooker-Feldman did not apply, the complaint would have to be dismissed on the basis of claim preclusion. *See* sec. B, *infra*.

only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich. App. 389, 396, 573 N.W.2d 336 (1997).

Application of the doctrine of res judicata in Michigan requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997) (1997). "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds*, *Patterson v. Kleiman*, 447 Mich. 429, 433 n.3 (1994).

Plaintiff's case clearly falls within the Michigan test for res judicata, and is therefore subject to dismissal.

### IV. CONCLUSION

For these reasons, I recommend that the Defendant's motion be GRANTED, and the complaint DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947

(6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

    S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: July 8, 2009